# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ROGER WARREN,<br><br>    Plaintiff,<br>  vs.<br><br>QUALITY LOAN SERVICE CORPORATION, et al.,<br><br>    Defendants. | CASE NO. 12-CV-3029-LAB-BLM<br><br>**ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*,** |
|---|---|

Roger Warren filed this case on December 20, 2012. Now pending is his Motion to Proceed IFP.

## I.   IFP Motion

All parties instituting a civil action in a district court of the United States, except for habeas petitioners, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). A party is excused from paying the fee, however, if the Court grants leave to proceed IFP pursuant to 28 U.S.C. 1915(a). Warren has submitted an IFP application that sufficiently demonstrates his inability to pay the $350 filing fee. He is unemployed, has only $400 in the bank, has hospital and school debts that exceed $33,000, and has received only $4,500 as a gift in the past year. His IFP motion is **GRANTED**.

## II.   Initial Screening

Pursuant to 28 U.S.C. § 1915(e), the Court must screen each civil action commenced pursuant to 28 U.S.C. § 1915(a) and dismiss the action if the Court finds it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief

1  from an immune defendant.  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 45
2  (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.");
3  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e) "not
4  only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state
5  a claim).

6        This is a foreclosure case.  Warren's actual complaint is approximately 35 pages, but he has submitted over 400 pages along with it.  The bulk of this appears to consist of materials related to a settlement Bank of America entered into with the United States in the District of Columbia, the relevance of which is questionable.  The complaint also has some markings of a form complaint that Warren has tried to tailor to the facts of this case.  For example, the opening paragraph implies that ReconTrust—a familiar defendant in foreclosure cases filed in this Court—is a Defendant in this case, but it is not named or identified as such.  The complaint also contains legal authority that appears to have been lifted from a summary judgment motion.  Taken as a whole, the Court finds that Warren's complaint fails to state a claim on which relief can be granted, and may even be frivolous. With all due respect to Warren, he seems to be a distressed homeowner who simply cobbled together any and all legal authority he could in order to contest the foreclosure of his home and his eviction from it.

19        The complaint is therefore **DISMISSED WITHOUT PREJUDICE**.  Within three weeks of the date he receives this Order, Warren may file a concise complaint that is particular to the facts of his case against Defendants.

**IT IS SO ORDERED**.

DATED: December 28, 2012

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge