# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WARREN,<br><br>                       Plaintiff,<br>  vs.<br><br>QUALITY LOAN SERVICE CORPORATION, et al.,<br><br>                      Defendants. | CASE NO. 12-CV-3029-LAB (BLM)<br><br>**ORDER STRIKING NOTICE OF *LIS PENDENS*; AND**<br><br>**ORDER REQUIRING PLAINTIFF TO REFRAIN FROM THREATENING TO SUE OR PROSECUTE** |

On December 20, 2012, Plaintiff Roger Warren, proceeding *pro se*, filed his complaint, a motion for leave to proceed *in forma pauperis*, and a notice of *lis pendens*. The Court on January 2, 2013 granted Warren's motion to proceed *in forma pauperis*, but screened and dismissed his complaint, ordering him to file an amended and concise complaint within three weeks.

A notice of *lis pendens* is a creature of California state law. Under Cal. Code Civ. Proc. § 405.21, notices of *lis pendens* may be signed by an attorney of record or by a judge of the court in which the action is pending. That section directs unrepresented party to request the judge to sign the notice, and recognizes the judge's authority to approve such notices. That same section provides:

> A notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting in propria persona and approved by a judge as provided in this section, or (c) the action is subject to Section 405.6.

Warren has not requested the Court's approval or signature, and the notice contains no space for the Court's signature anything else that would indicate he is asking for the Court's approval of the notice. The other exceptions don't apply.

The explanatory notes to § 405.21 make clear that the Court's approval is required to prevent misuse of such notices: "[t]he court's duty to review a *lis pendens* proposed by a party *in propria persona* prior to [its] recordation is intended to aid in avoiding abuse of . . . *lis pendens* procedures in actions prosecuted by parties *in propria persona*." Here, that purpose is particularly important because no claims are pending in this case, and because the notice is unacceptable in its present form.

The notice Warren filed purports to be not only a notice of *lis pendens*, but also a writ of attachment on both tangible and intangible property located at a particular property parcel. It also purports to attach all bank accounts, inventory, stock certificates, notes of obligation, patents, copyrights, interests in contracts, mineral and water rights, domestic furnishings, equipment, and various other types of property either possessed by "Respondent(s)" (*i.e.*, Defendants) or in their control. The notice continues with a discussion of various other legal ideas.

The notice also threatens with criminal prosecution anyone, including federal or state officers, legislators, or any judge who attempts to "modify, circumvent, and/or negate" the notice, and to strip the Court of any immunity from civil immunity and hold it civilly liable. (Notice at 4:1–8.) It includes specific threats to sue any judge who attempts to modify or have the notice removed, and argues that there would be no immunity from such suit. It cites various Supreme Court decisions supposedly forbidding any judge from having a notice of *lis pendens* removed. (*Id*. at 4:9–5:10.) The notice declares that all these statements are true and correct to the best of Warren's knowledge and belief, under penalty of perjury. (*Id*. at 5:11–15.)

The Court understands Warren may be using inflated rhetoric in an effort to emphasize the strength of his legal position, as he sees it. Such threats are obviously hollow; Warren cannot sue any judge for making rulings adverse to him, and he cannot criminally

prosecute anyone. But the amount of verbiage devoted to these warnings, together with Warren's oath that all the contents of the notice are true to the best of his knowledge and belief, suggest this is not intended as mere hyperbole. Rather, it appears Warren is attempting to influence the outcome of this litigation by means of such threats, hollow though they may be. This is not permissible. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967) (holding that, because judges must decide all cases within their jurisdiction, including controversial cases that arouse intense emotions in litigants, judges must not be allowed to be intimidated with threats of lawsuits). Nor is it a proper purpose for filing the notice of *lis pendens*. *See* Fed. R. Civ. P. 11(b)(1).

The threats also have the improper effect of threatening with civil and criminal penalties anyone legitimately attempting to have the notice expunged, or anyone who might be carrying out an order by the Court to expunge or remove it. And the notice as a whole purports to attach Defendants' property, which Warren has no power or right to do.

The notice of *lis pendens* is therefore ordered **STRICKEN** and the Clerk shall remove it from the docket. The Court will, however, retain a file copy. Warren is **ORDERED** to refrain from filing any more notices of *lis pendens* in connection with this case, or causing any notice of *lis pendens* to be recorded in any state office in connection with this case. If he has already recorded one, he is **ORDERED** to withdraw it forthwith. Or, if Warren is unable to withdraw a notice he has filed, he must forthwith file a notice in the docket in this case, giving details of the recordation so that the Court can order it expunged. Warren is also **ORDERED** to refrain from threatening to sue or prosecute the Court or anyone else for interfering with rights claimed in the notice of *lis pendens*. Any violations of this order may result in sanctions, including dismissal of the complaint with prejudice.

**IT IS SO ORDERED**.

DATED: January 22, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge